George P. Stier, J.
Plaintiff brought this action at law to recover $5,000 which it had deposited with defendants’ testator as security under a 30-year lease made on February 28, 1948. The lease is still in force and plaintiff is still in possession of the demised premises. The basis of plaintiff’s action is that the deceased landlord commingled or converted the said security in violation of section 233 of the Real Property Law.
The answer, in addition to denials, contains three affirmative defenses: (1) that the money is on deposit in a special account, as required by the statute; (2) that plaintiff breached his covenant to repair; and (3) that plaintiff breached the provision of the lease requiring it to carry general liability insurance.
The lease contained a provision whereby the plaintiff waived the provisions of section 233 of the Real Property Law and specifically permitted the landlord to use $2,000 of the $5,000 deposit, but said statute expressly forbids waiver of its provisions. In any event, the landlord did not keep the $5,000 in a separate account, but after this action was commenced the defendants deposited $5,000 in a special account.
The proof incontrovertibly shows that plaintiff did not obtain the liability insurance required by the lease until May 28, 1954, more than six years after the lease became effective. There *769 is also evidence that plaintiff did not make the repairs required by the lease.
In Mallory Associates v. Barving Realty Co. (300 N. Y. 297, 302), the Court of Appeals held that a complaint stated a cause of action where it alleged that the landlord had converted the security. The court, however, expressly declined to say what relief the plaintiff might be entitled to: “ We need not consider on this motion to dismiss the complaint, the extent oí plaintiff’s possible recovery, and the situation of the parties thereafter if plaintiff should prevail.”
In 160 Realty Corp. v. 162 Realty Corp. (113 N. Y. S. 2d 618, affd. 280 App. Div. 762), the Appellate Division held that the landlord’s violation of section 233 of the Real Property Law by commingling the security with his own money did not entitle the tenant to recover the money so deposited where it was still in possession and its lease had 18 years to run. In the instant case plaintiff is still in possession and its lease has almost 22 years to run. (See, also, Bridge Hardware Co. v. Mayer, 131 N. Y. S. 2d 823.)
In the instant case plaintiff has not shown any damage because of the landlord’s violation of section 233 of the Real Property Law and the security is now intact in a special account. Under these circumstances the complaint is dismissed.
Proceed on notice.